UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-HC-2013-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN ROBERT FRANCIS | MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO EXCLUDE PRIVILEGED INFORMATION AND MOTION TO EXCLUDE PROBATION RECORDS |

SEAN ROBERT FRANCIS, the Respondent in the above-captioned case, by and through undersigned counsel, hereby files this Memorandum of Law in Support of his Motion to Exclude Privileged Information and his Motion to Exclude Probation Records.

### I. STATEMENT OF RELEVANT FACTS

On January 29, 2010, the Respondent, Sean Robert Francis, was certified as a sexually dangerous person by the Bureau of Prisons pursuant to 18 U.S.C. § 4248. A bench trial to determine whether he meets the criteria for being a sexually dangerous person under 18 U.S.C. § 4248 has been scheduled for October 5, 2011. At trial, the United States intends to present privileged mental health treatment records and improperly disclosed probation records.

#### Consent Form

The Government has produced a signed "Sex-Offender Treatment Program Consent Form" from FCI-Butner dated July 11, 2002. See FCI-Butner SOTP Consent Form, attached hereto as Exhibit A and incorporated herein by reference. The Sex Offender Treatment

Program ("SOTP") is a voluntary program. As described in the Consent Form, which must be signed by all participants:

> The Sex Offender Treatment Program is a therapeutic program which employs cognitive-behavioral and relapse prevention techniques to treat and manage sexual offenders. The primary goal of the SOTP is to help sexual offenders manage their sexual deviance in order to reduce sexual recidivism. The treatment program is designed to help those individuals who want to help themselves and are committed to permanent behavioral change.

The Consent Form contains language that expressly acknowledges that the SOTP requires the disclosure of personal information, including information about past sex offenses, and stresses the confidentiality of such information:

> **Confidentiality**
>
> During your participation in the SOTP you will be expected to disclose personal information (e.g., sexual preferences and past offenses). As everyone in the program is expected to disclose personal information in their treatment groups, it is extremely important for you to protect the confidentiality and privacy of everyone in the program, present and past participants. Personal information about other inmates is not to be shared with anyone. Sharing information regarding your own treatment or personal issues with non-SOTP inmates is strongly discouraged. Violations of confidentiality may result in probation or immediate expulsion from the program, as well as institutional transfer.

The consent form also informs the participants that their confidential information will be disclosed only in limited, specified circumstances. Moreover, it informs the participants that it is not in the interest of the SOTP to have participants reveal self-incriminating information which may lead to further prosecution:

> **Informed Consent and Statement Regarding Limited Confidentiality**
>
> I agree to voluntarily participate in the Sex-Offender Treatment Program. I agree to adhere to all conditions stipulated in this document. I also understand that treatment staff retain the right to modify the program requirements and conditions of treatment at any time.

I understand that this program does not offer a "cure" for my sexually deviant interest or behavior. I understand that the SOTP will teach me strategies and methods to manage and control my sexual deviance, and I understand that it is my responsibility to implement those techniques responsibly and effectively. I understand that I may withdraw from treatment at any time. I understand that my confidentiality will be protected at all times, except in cases where there is potential harm to myself or others, or when the security of the correctional institution is threatened. I also understand that the staff of the SOTP and Federal Bureau of Prisons, Department of Justice, and United States Probation Office may share information regarding my case.

As mandated by law, mental health professionals are required to report any incident or suspicion of child abuse or neglect, past or present, to child protective and law enforcement agencies in the jurisdiction where the abuse occurred. Although admitting to unreported crimes may result in additional criminal prosecution, the SOTP strongly encourages all of its participants to be completely honest about the extent of their sexual deviance and sexual offense history. Providing self-incriminating information is not an interest of the Sex Offender Treatment Program and you will not be pressured to provide such information.

My signature below acknowledges my voluntary participation in the program and my understanding of the mandatory child abuse reporting laws to which all mental health professionals are subject.

### Presentence Report

The Respondent's Presentence Report contains the following language regarding disclosure, redisclosure and use:

*Restrictions on Use and Redisclosure of Presentence Report.*

Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (*i.e.*, classification, designation, programming, sentencing calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorists activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must

be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

See page 3 of the December 6, 2004 Presentence Report, attached hereto as Exhibit B and incorporated herein by reference.

## II. ARGUMENT

### A. THE USE OF THE RESPONDENT'S PRIVILEGED MENTAL HEALTH RECORDS AND ANY REFERENCE TO THE INFORMATION CONTAINED THEREIN VIOLATES THE FEDERAL PSYCHOTHERAPIST-PATIENT PRIVILEGE AND, THEREFORE, SHOULD BE EXCLUDED.

The disclosure of the Respondent's mental health treatment records without his consent and the use of these privileged records at his civil commitment hearing violates the federal psychotherapist-patient privilege, and these records and any reference to the information contained therein must, therefore, be excluded.

The federal psychotherapist-patient privilege was first recognized by the United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923 (1996). The Court held that "[l]ike the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust.'" *Id.* at 10, 116 S. Ct. at 1928 (internal citation omitted). Thus, the court continued "[e]ffective psychotherapy...depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories and fears." *Id.* Because "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment," the Court rejected a balancing test applied by some courts and refused to make the application of the privilege "contingent upon a trial judge's later evaluation of the relative importance of the

patient's interest in privacy and the evidentiary need for disclosure." *Id.* at 10, 17, 116 S. Ct. at 1928, 1932.

The Court recognized that the privilege "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." *Id.* at 11, 116 S. Ct. at 1929. The Supreme Court, further held that the psychotherapist privilege "should also extend to confidential communications made to licensed social workers in the course of psychotherapy." *Id.* at 15, 116 S. Ct. at 1931.

In the instant case, the Government intends to introduce a number of the Respondent's privileged mental health records at trial including, but not limited to, video from a polygraph examination taken on June 23, 2009, psychosexual evaluations, Sex Offender Treatment Program reports and progress reviews, forensic reports and evaluations, victim lists and sexual history questionnaires, and psychotherapist notes, memos and evaluations. All of these records were produced from the confidential communications made between the Respondent and various mental health providers for the purposes of treatment and, therefore, all of the Respondent's privileged mental health records and any reference to evidence obtained therein must be excluded.

Further, the Respondent has not waived the psychotherapist-patient privilege. The Supreme Court has recognized that, as with other testimonial privileges, the patient may waive the psychotherapist-patient privilege. *Id.* at 15 n.14, 116 S. Ct. at 1931 n.14. A waiver is the voluntary and intentional relinquishment of a known right. A waiver is considered "knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and

-5-

Case 5:10-hc-02013-BO   Document 76   Filed 09/23/11   Page 5 of 10

how it would likely apply *in general* in the circumstances–even though the defendant may not know the *specific detailed* consequences of invoking it." *State v. Ruiz*, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002). The government has produced only one signed consent form. See Exhibit A. A reading of this Consent form shows that in order to induce the Respondent to participate in the SOTP, the BOP agreed to keep the information revealed during the SOTP confidential except in very specific circumstances such as in cases where there is potential harm to the participant or others, where the security of the correctional institution is threatened, or in the case of incidents of child abuse and neglect which are subject to reporting laws. Because the present civil commitment proceedings do not fit into any of these limited circumstances, there was not a waiver of the Respondent's psychotherapist-patient privilege and these treatment records should be excluded at trial.

Even if other such signed consent forms were produced, it is very unlikely under the circumstances that such a waiver was given voluntarily, knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences, to wit, the use of the Respondent's treatment records at his civil commitment hearing, the result of which could be a lifetime civil commitment. The use of the Respondent's mental health treatment records at his civil commitment hearing, therefore, violates the federal psychotherapist-patient privilege and such records and any reference to the information obtained therein must be excluded at trial.

Additionally, "[a]s for the polygraph test, it is undisputed that such evidence is inadmissible in nearly every circumstance at trial." *United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003) (citing, e.g., *United States v. Porter*, 821 F.2d 968, 974 (4th Cir. 1987); *United States v. Brevard*, 739 F.2d 180, 182 (4th Cir. 1984). Not only were any polygraph tests and the

sexual history questionnaires or other documents filled out as part of the polygraph tests completed for a sex offender treatment program and thus protected by the psychotherapist-patient privilege, but they are also inadmissible under the law of this Circuit regarding the use of polygraph tests at trial. All such records, including videos, and any reference to the information obtained therein must be excluded at trial.

> **B. THIS COURT DID NOT SPECIFICALLY AUTHORIZE THE RELEASE OF THE RESPONDENT'S PROBATION RECORDS TO ANY THIRD-PARTY AND, THEREFORE, THE PROBATION RECORDS SHOULD NEVER HAVE BEEN RELEASED AND THE PROBATION RECORDS AND ANY REFERENCE TO THE INFORMATION CONTAINED THEREIN SHOULD BE EXCLUDED.**

The Respondent's probation records were improperly released and these records and any information contained therein should be excluded from trial. "[I]nformation contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976). The Court further held that "when requested to exhibit such a report, the district court should examine it *in camera*" to determine whether there is a compelling need for the disclosure. *Id.* at 392. The Court of Appeals for the Second Circuit has held that the United States Probation Office in preparing such matters as presentence investigation reports acts as an arm of the Court and that the presentence report and those documents generated in the course of supervision of a probationer thereunder are and should be used by others, including even non-judicial federal agencies, only with the permission of the Court. *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1170 (2nd Cir. 1983). See also *United States v. Harrison*, 2003 U.S. Dist. LEXIS 7733 (E.D. Pa. May 7, 2003); *United States v. Asia*, 2003 U.S. Dist. LEXIS 2469 (N.D. Ill. Feb.

19, 2003), *In re Disclosure of Prob. Records*, 2005 U.S. Dist. LEXIS 5869 (S.D.N.Y. April 6, 2005) and *In re Application of Horsford*, 699 F. Supp. 463 (S.D.N.Y. 1988). These records, prepared by the Probation Service for use by the District Court at sentencing contain information from a variety of sources. The records may contain hearsay statements and often contain information that is disclosed to the probation officer in confidence. Thus, as other courts have held, requiring disclosure of probation records is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process. *Charmer Industries* at 1171. Further, "the court should not release a presentence report to a third person unless that person has shown a compelling need for disclosure to meet the ends of justice." *Id.*

Moreover, the Respondent's December 6, 2004 Presentence Report specifically states that disclosure by the BOP is authorized by the United States District Court solely to assist administering the offender's prison sentence and "other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities" and that "it is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation reports is prohibited without the consent of the sentencing judge." The government never requested the disclosure of the Respondent's Presentence Reports and, therefore, never received the consent of the sentencing judge to disclose the records. The records are also not being used to assist in administering a prison sentence, nor at a deportation hearing or an investigation related to terrorism. Instead the government unilaterally obtained the reports without the Court's authorization. The government, therefore, never showed a compelling need

for the disclosure of the Respondent's probation records and, pursuant to the holdings in *Figurski* and *Charmer Industries*, these reports were improperly released without specific authorization from the Court. The Respondent urges this Court to follow *Figurski* and the Second Circuit in *Charmer Industries* and exclude from trial the Presentence Reports and any reference to the information contained therein.

### III. CONCLUSION

For the foregoing reasons, the Respondent respectfully requests that both of his motions be granted and that this Court exclude all records protected by the psychotherapist-patient privilege and any reference to the information contained therein and all probation records and any reference to the information contained therein.

Respectfully requested this 23rd day of September, 2011.

**THE EDMISTEN & WEBB LAW FIRM**

 /s/ *James Ryan Hawes*
JAMES RYAN HAWES
N.C. State Bar No. 36802
127 West Hargett Street
Suite 104 (27601)
Post Office Box 1509
Raleigh, North Carolina 27602
Telephone: (919) 831-8700
jim.hawes@ew-law.com

# CERTIFICATE OF SERVICE

      This is to certify that the undersigned attorney has served a copy of the foregoing *Memorandum of Law in Support of Respondent's Motion to Exclude Privileged Information and Motion to Exclude Probation Records* via the CM/ECF System of the United States District Court for the Eastern District of North Carolina upon counsel and parties listed below properly addressed to:

      **G. Norman Acker**
      norman.acker@usdoj.gov
      **R.A. Renfer, Jr.**
      rudy.renfer@usdoj.gov
      **United States Attorneys Office**
      **310 New Bern Avenue**
      **Suite 800**
      **Raleigh, NC 27601-1461**

      **Michael D. Bredenberg**
      mbredenberg@bop.gov
      **Federal Medical Center**
      **P.O. Box 1600**
      **Butner, NC 27509**

      **Michael E. Lockridge**
      mlockridge@bop.gov
      **Federal BOP, Legal Center**
      **P.O. Box 1600**
      **Butner, NC 27509**

This the 23rd day of September, 2011.

      THE EDMISTEN & WEBB LAW FIRM

      /s/ *James Ryan Hawes*
      JAMES RYAN HAWES
      N.C. State Bar No. 36802
      127 West Hargett Street
      Suite 104 (27601)
      Post Office Box 1509
      Raleigh, North Carolina 27602
      Telephone: (919) 831-8700
      jim.hawes@ew-law.com