IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2013-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Petitioner, )<br>                     )<br>v.                       )<br>                     )<br>SEAN ROBERT FRANCIS, )<br>        Respondent. ) | FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW |

Petitioner (the government) instituted this civil action pursuant to Title 18 of the United States Code, Section 4248(a), seeking to commit Respondent Sean Robert Francis (Respondent) as a "sexually dangerous person" pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("the Act"). The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons (BOP) examined Respondent and issued a preliminary determination that he is sexually dangerous within the meaning of the Act [DE 1]. Such certificate stayed Respondent's release from federal custody pending a hearing to determine whether Respondent qualifies for commitment as a sexually dangerous person. The government's petition was filed on February 2, 2010, four days before Respondent was scheduled to be released from BOP custody on February 6, 2010.

On October 5, 6, and 7, 2011, the Court conducted an evidentiary hearing in this matter pursuant to 18 U.S.C. § 4247(d). On October 7, 2011, the Court directed the parties to file proposed findings of fact and conclusions of law. Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, and after due consideration of the evidence presented and argument of

counsel, the Court *adopts* all but section III(A) of Respondent's Findings of Fact and Conclusions of Law (Findings), as filed on October 17, 2011 [DE 88], and incorporates those findings and conclusions as if they were fully set forth herein. The Court declines to adopt Respondent's proposed conclusions regarding violations of equal protection and due process as set forth in section III(A)(1)-(2) insofar as they are inconsistent with the Fourth Circuit's recent holding in *United States v. Timms*, Nos. 11-6886 and 11-6941, 2012 WL 34477 (4th Cir. Jan. 9, 2012). As set forth more fully in its Findings, the Court now holds that the Government has failed to satisfy its burden to show that Respondent is sexually dangerous to others as defined by the Adam Walsh Act.

As each portion of the § 4248 analysis was challenged by Respondent, the Court enters the following in support of its judgment:

## DISCUSSION

To order the commitment of a respondent pursuant to § 4248, a court must conclude, after an evidentiary hearing at which the government bears the burden of proof by clear and convincing evidence, that the respondent is a "sexually dangerous person" as defined by the Act. The government must show that (1) the respondent "has engaged in or attempted to engage in sexually violent conduct or child molestation" and (2) that the respondent "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4248(d). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly

2

Case 5:10-hc-02013-BO   Document 95   Filed 01/20/12   Page 2 of 6

probable." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks, citations, and alterations omitted); *see also Addington v. Texas*, 441 U.S. 418, 423-24 (1979) (noting that the "clear and convincing" standard of proof is an "intermediate standard" that falls between a "mere preponderance of the evidence" and "beyond a reasonable doubt"). If the court finds that the government has satisfied its burden, the individual must be committed to a suitable facility for mental treatment until he is determined to no longer be sexually dangerous to others. 18 U.S.C. § 4248(d).

**1.** *Whether Respondent has engaged or attempted to engage in sexually violent conduct or child molestation*

Respondent has a criminal history of making threatening, obscene phone calls, and was in fact serving a federal prison sentence related to such acts when he was certified by the BOP as sexually dangerous. Respondent also admitted under oath during the hearing before the undersigned that he had made such phone calls. Whether or not these non-contact offenses rise to the level sexually violent conduct was a question debated by the experts called to testify at Respondent's hearing. The Court need not, however, decide this issue today because, as discussed below, it finds that the government has failed to show that Respondent will have serious difficulty in refraining from sexually violent conduct or child molestation if released.

The government also offered the following video-testimony to show that Respondent had engaged in past sexually violent conduct: the video deposition testimony of "Emily," who testified that Respondent had raped her in December 2001 in Poughkeepsie, New York, and the video-recorded statements of Respondent, made in connection with a polygraph examination utilized in sex offender treatment, in which Respondent discussed sexually violent conduct in

3

which he had engaged.

Although the Court is troubled by the utilization of such testimony by the government during a hearing at which fundamental liberty interests are at stake, in light of such constitutional protections as the Sixth Amendment confrontation right and the Fifth Amendment right against self-incrimination, the Court need not address these potential deprivations here because, as discussed below, it finds that the government has failed to establish that Respondent will be unable to refrain from sexually violent conduct if released.

Notwithstanding, the Court notes that it found credible the testimony of Respondent that many if not all of the "victims" he described during his polygraph interview were either fabricated entirely or embellished for the purposes of remaining in a sex offender treatment program. Such a finding is supported in the record by the fact that although Respondent had admitted for purposes of sex offender treatment to committing up to fifty-seven contact sex offenses, only one potential victim has come forward and no charges have ever been filed against Respondent.

**2. *Whether Respondent suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released***

Even assuming, without deciding, that Respondent has engaged in sexually violent conduct in the past, the Court finds that the government has not carried its burden with regard to the second step of the § 4248 analysis. The Court is persuaded by the testimony of Drs. Plaud and Singer that Respondent at one time suffered from a diagnosis of Paraphilia NOS (not otherwise specified) - telephone scatalogia, but that there is at least a question as to whether it

4

remains an accurate diagnosis today. Irrespective of whether or not Respondent is still suffering from a serious mental disorder, the Court also finds credible the testimony of Drs. Plaud and Singer that Respondent would not have serious difficulty from refraining from sexually violent conduct if released. Although they considered the admissions by Respondent to sexually violent offenses, Drs. Plaud and Singer both noted the difficulty in using actuarial or statistical risk assessment tools to evaluate someone, such as Respondent, who has not been *shown* to have engaged in hands-on or contact sex offenses. Additionally, both of these experts highlighted the fact that Respondent had remained in the community for more than six months while possessing a cell phone without engaging in threatening or obscene phone call behaviors, opining that this demonstrated Respondent's level of volitional control. As discussed recently by the Fourth Circuit, "[t]he serious difficulty prong of the § 4248 certification proceedings refers to the degree of the person's 'volitional impairment,' which impacts the person's ability to refrain from acting upon his deviant sexual interests." *United States v. Hall*, No. 11-7102, 2012 WL 34481, at *5 (4th Cir. Jan. 9, 2012) (internal citation omitted). The Court finds most convincing the methods and judgment employed by Drs. Plaud and Singer in assessing whether Respondent possesses the volitional control to refrain from engaging in sexually deviant behavior in the future, and finds that the government has failed to show by clear and convincing evidence that Respondent will have serious difficulty refraining from sexually violent conduct if released.

Also currently before the Court is Respondent's Motion to Dismiss [DE 81]. In light of the Fourth Circuit's recent holding in *United States v. Timms*, Nos. 11-6886 and 11-6941, 2012 WL 34477 (4th Cir. Jan. 9, 2012), Respondent's Motion to Dismiss is DENIED. As the Court has entered a factual finding in this matter releasing Respondent, all other pending motions are

hereby DENIED AS MOOT.

## CONCLUSION

Accordingly, the Clerk is DIRECTED to enter judgment in favor of the Respondent Sean Robert Francis and against the Petitioner. The government is ORDERED to release the Respondent to the custody of the appropriate United States Probation Office. This action is hereby DISMISSED.

SO ORDERED, this 19 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE