IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2013-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>          Petitioner, )<br>)<br>v.                           )<br>)<br>SEAN ROBERT FRANCIS,  )<br>          Respondent. ) | ORDER |

This matter is before the Court on Petitioner's Emergency Motion to Stay [DE 97] this Court's order entered January 20, 2012, pending appeal. In the alternative, Petitioner asks that this Court enter a temporary stay until March 20, 2012. For the reasons discussed below, Petitioner's Emergency Motion to Stay is denied.

## BACKGROUND

Petitioner (the government) instituted this civil action pursuant to Title 18 of the United States Code, Section 4248(a), seeking to commit Respondent as a "sexually dangerous person" pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("the Act"). The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons (BOP) examined Respondent and issued a preliminary determination that he is sexually dangerous within the meaning of the Act [DE 1]. Such certificate stayed Respondent's release from federal custody pending a hearing to determine whether Respondent qualifies for commitment as a sexually dangerous person. The government's petition was filed on February 2, 2010, four days before Respondent was scheduled to be released from BOP custody on February 6, 2010.

On October 5, 6, and 7, 2011, the Court conducted an evidentiary hearing in this matter pursuant to 18 U.S.C. § 4247(d). On October 7, 2011, the Court directed the parties to file proposed findings of fact and conclusions of law. On January 20, 2012, after due consideration of the evidence presented and arguments of counsel, the Court entered a written order adopting the Respondent's proposed Findings of Fact and Conclusions of Law, excepting, however, those portions regarding violations of equal protection and due process insofar as they are inconsistent with the Fourth Circuit's recent holding in *United States v. Timms*, Nos. 11-6886 and 11-6941, 2012 WL 34477 (4th Cir. Jan. 9, 2012). In its order, the Court held that the government had failed to satisfy its burden to show that Respondent is sexually dangerous to others as defined by the Adam Walsh Act.

## DISCUSSION

Courts balance four factors to determine whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Court finds that the government has not made a strong showing that it is likely to succeed on the merits. The "strong showing" required to compel this Court to indefinitely stay its Order pending appeal "is more stringent that the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nv. 1984). The government's motion falls short of the necessary showing for a stay to issue. In essence, the government's motion recapitulates arguments that have already been

2

considered and rejected by the Court. The government's arguments here do not undermine the rationale that the Court articulated as grounds for dismissing this case. Accordingly, the Court reaffirms its order entered January 20, 2012, and, for the reasons outlined in that order, now holds that the government is not likely to succeed on appeal.

With regard to the second factor, the government asserts that Respondent is clearly a danger to society, pointing to Respondent's past acts of making threatening phone calls, the possibility that he has raped at least one, if not more, woman, and a letter to Respondent's girlfriend that indicates that he does not intend to comply with the terms of his probation. In its factual findings, however, the Court has already considered all of this evidence and found most credible the testimony of two expert witnesses who opined that Respondent will not have serious difficulty refraining from sexually violent conduct if released. Certainly, it is possible that Respondent will again make threatening phone calls or engage in some form of sexually violent behavior in the future. But only showing some "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998), fails to satisfy the second *Hilton* factor. The "' possibility' standard is too lenient." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2009).

As to the third factor, the Court finds that a stay will harm Respondent. Respondent has already waited almost two years from the date of his expected release date for a resolution of his civil commitment case, and his continued incarceration is unacceptable under the laws and constitutional protections afforded to all citizens. The Court has already carefully considered three days of evidence and testimony presented during Respondent's evidentiary hearing in light of the relevant legal principles, ultimately finding that Respondent is not committable under the Act. With the issue so thoroughly examined and now resolved in Respondent's favor,

3

Respondent's continued detention would only serve to harm Respondent.

Finally, after considering the fourth *Hilton* factor, the Court finds that the public interest lies in effectuating its January 20, 2012, order. While there is a "great public interest in monitoring predatory offenders," *Doe v. LaDue*, 514 F. Supp.2d 1131, 1138 (D. Minn. 2007), "there is an equally strong public interest in preserving constitutional rights." *Id.* And, as the *LaDue* court held, where the government has the means to monitor offenders "without jeopardizing constitutional rights . . . the greater public interest" is in the protection of the constitutional rights. *Id.*

Because the government has failed to establish a proper basis for continuing to deprive Respondent of his liberty, the fourth *Hilton* factor, like each of the others, weighs in favor of denying the stay.

## CONCLUSION

For the foregoing reasons, and after careful consideration of the *Hilton* factors and the parties' arguments, the Court finds that neither a stay of Respondent's release pending the appellate process nor entry of a temporary stay is warranted. Petitioner's Motion to Stay is accordingly DENIED. Petitioner is ORDERED to place the Respondent, Sean Robert Francis, into the custody of the appropriate United States Probation Office forthwith.

SO ORDERED, this 3 day of February, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE